**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1981

_____

UNITED STATES OF AMERICA

v.

RANDALL HAYES
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:10-cr-00342-001)
District Judge: Honorable Keli M. Neary

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 26, 2026

Before: HARDIMAN, SCIRICA,[*] and AMBRO, *Circuit Judges*.

(Filed: August 6, 2026)

_____

OPINION[**]

_____

---

[*] The Honorable Anthony J. Scirica was unavailable to participate in the decision in this case after submission to the merits panel. This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and 3d Cir. I.O.P. 12.1(b).

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Randall Hayes was serving a fifteen-year term of supervised release on his conviction for receiving child pornography. As a condition of his release, Hayes was required to participate in a sex offender treatment program. The rules of this program limited him to using certain authorized computing devices, barred him from viewing pornography and making contact with minors, and required abstention from electronic communications of a sexual nature, among other restrictions.

Over the course of eleven years, Hayes repeatedly violated the program guidelines and his other conditions of supervised release. As a result, the District Court revoked his supervised release and sentenced him to three months of incarceration followed by a ten-year term of supervised release broadly restricting Hayes' use of the internet for anything other than "legitimate and necessary reasons," with a particular prohibition on the use of social media. App. 8.

Hayes appealed. He first contends the District Court's revocation of his supervised release for violating the private treatment provider's program guidelines is an abuse of discretion because it is unwarranted under the statutory factors outlined in 18 U.S.C. § 3583(e). Second, he contends the special conditions restricting his internet usage and banning him from using social media run afoul of 18 U.S.C. § 3583(d) because they are unreasonably overbroad, unrelated to his infractions, and an unnecessarily grave imposition on his personal liberties. For the reasons discussed, we disagree and will affirm the District Court's judgment.

2

## I.

Following a guilty plea pursuant to a plea agreement, Hayes was sentenced in April 2011 to a sixty-six month term of imprisonment and fifteen years of supervised release for receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). The conditions of his supervised release required him, among other things, to participate in a sex offender treatment program and comply with the program's rules; to refrain from contact with persons under the age of eighteen except in the presence of an approved adult; to stay more than 1,000 feet from places where children congregate; and to use only computers on which appropriate monitoring and filtering programs had been installed, except as permitted in writing by a probation officer. Hayes did not file a direct criminal appeal of his conviction or sentence.

In March 2014, while completing his custodial sentence at a halfway house, Hayes signed a contract with Commonwealth Clinical Group for his sex offender therapy, which outlined the program's rules and expectations. His custodial sentence ended, and supervised release began, in July 2014. Over the next nine years, Hayes repeatedly violated Commonwealth's program guidelines. For example, he exposed his genitals to a man in a parking lot; exchanged sexually explicit text messages and phone calls; participated in sexually themed social media groups, message boards, and video chat rooms; solicited a third party to manage an account for him on a website that facilitates fetish-based sexual encounters; and repeatedly viewed pornographic and sexually charged content, including pictures of children's underwear and a cartoon-like image resembling a minor.

3

Due to these and several other violations, and with Hayes' consent, the District Court imposed additional conditions of supervised release in June 2023. These new conditions notably include a requirement that Hayes use the internet only for "legitimate and necessary reasons such as employment, education, online shopping, and websites conveying essential information"; that he refrain from "view[ing] or possess[ing] any 'visual depiction' . . . of 'sexually explicit conduct'"; and that he "not access or have anyone access on [his] behalf any social media, group messaging applications, chat rooms, gaming systems, peer-to-peer file-sharing services or any site where [he] could interact with a child." App. 25.

Over the ensuing two years, Hayes committed a series of violations of both his new and old conditions. He used messaging applications and social media platforms to arrange sexual encounters and enlisted third parties to do so on his behalf. He continued to engage in sexually explicit phone calls, text messages, and online conversations; in one such conversation he role-played as a minor female. He received and viewed pornography, including at least one image that he said reminded him of a minor. And he sat next to a minor during a movie at a church event.

In May 2025, the District Court held a revocation hearing. The District Court noted Hayes' "overwhelming" pattern of violations, which had "increased dramatically over the [preceding] year," and discussed the need to "protect the community from any danger." App. 42. Based on the nature of Hayes' repeat violations, particularly his "role playing sexual encounters with minors," the District Judge assessed that Hayes was "right

4

on [the] line" of reoffending and, absent reincarceration, she worried "something very bad [was] going to happen well before" the end of his supervised release in 2029. *Id.*

On that basis, the District Court sentenced Hayes to three months' imprisonment, three months of home detention, and ten more years of supervised release. The renewed term of supervised release reiterated Hayes' restrictions on social media and internet usage, as well as the requirement to participate in a sex offender treatment program and adhere to its rules. Hayes' counsel objected on First Amendment grounds to the condition restricting Hayes' internet usage to the "legitimate and necessary" purposes indicated. Hayes' counsel also requested during the revocation hearing that the Court not extend the term of supervised release set to expire in 2029. But he did not object to the condition banning Hayes from using social media and did not object to the extension of the term of supervised release once imposed. This appeal followed.

## II.

The District Court had jurisdiction over Hayes' criminal proceedings under 18 U.S.C. § 3231. The District Court had authority to revoke Hayes' supervised release, set and modify the terms of such release, and re-impose a term of supervised release following revocation under 18 U.S.C. § 3583(a), (e) and (h). This Court has jurisdiction over the appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

## III.

We review the District Court's revocation of Hayes' supervised release for abuse of discretion. *United States v. Bagdy*, 764 F.3d 287, 290 (3d Cir. 2014). The imposition of a special condition of supervised release is ordinarily reviewed for abuse of discretion,

5

*United States v. Smith*, 445 F.3d 713, 716 (3d Cir. 2006), and will be upheld if there is "'some evidence' that the special condition[] imposed [is] 'tangibly related' to the goals of supervised release." *United States v. Holena*, 906 F.3d 288, 290 (3d Cir. 2018) (quoting *United States v. Voelker*, 489 F.3d 139, 144 (3d Cir. 2007)). But Hayes did not object to the District Court's decision to revoke supervised release, its imposition of a special condition, or the additional term of supervised release imposed. So we review these challenges only for plain error. *See United States v. Dillon*, 725 F.3d 362, 365 (3d Cir. 2013); *see also* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). On plain error review, reversal is appropriate only if there is an "error" that is "plain"—i.e., "clear" or "obvious"—which "affect[s] substantial rights" and "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *See id.* (quoting *United States v. Olano*, 507 U.S. 725, 732–36 (2013)).

IV.

Hayes first contends the District Court's decision to revoke his supervised release for failure to comply with Commonwealth's sex offender program guidelines was an abuse of discretion because it strayed from the purposes of revocation as expressed in 18 U.S.C. § 3583(e). That statute provides that a district court must consider a list of factors before revoking a defendant's supervised release term. *See id.* § 3583(e)(1). Unlike when fashioning an initial sentence after conviction, which is governed by 18 U.S.C. § 3553(a), a court considering a revocation sentence is not instructed to consider the need for just punishment for the underlying offense. *Esteras v. United*

6

*States*, 606 U.S. 185, 195–97 (2025).  As this Court has accordingly observed, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than punish them."  *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012) (quoting *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2011)).  Hayes contends the District Court's revocation sentence constitutes "punishment under the guise of rehabilitation," and therefore amounts to an abuse of discretion.  Br. for Appellant at 30.

We detect no error, plain or otherwise.  The record reflects that the District Court based its decision on the statutory revocation factors.  As recounted above, the District Court noted that Hayes' pattern of noncompliance had "increased dramatically over the [preceding] year," expressed concern that Hayes was "right on [the] line" of reoffending, and discussed the need to "protect the community from any danger" that Hayes might then present.  App. 42–43.  She further explained that incarcerating Hayes and imposing an additional term of supervised release would "move [him] out of the problematic area, hit the reset button to help [him]," and "allow [him] to get necessary treatment" so that he could eventually "reenter society with a fresh start."  App. 42–43.  These statements reflect the judge's consideration of the statutorily authorized factors—specifically, the nature and circumstances of the offense, Hayes' history and characteristics, the need for deterrence and protecting the public, and the goal of providing Hayes with necessary care.  *See* 18 U.S.C. § 3583(e) (cross-referencing portions of 18 U.S.C. § 3553(a)).  They do not evince an effort to punish Hayes for infractions that the judge acknowledged were

7

"technical violations" rather than crimes.  App. 42.[1]

V.

Having rejected Hayes' challenge to revocation of his supervised release, we proceed to his next contentions: The breadth and duration of the reimposed internet-use restrictions and social media ban are unlawful under 18 U.S.C. § 3583(d).

Again, § 3583(d) provides guidelines a court must follow when setting a special condition of supervised release.  First, that condition must be "reasonably related" to the "nature and circumstances of the offense and the history and characteristics of the

---

[1] Hayes also suggests that the District Court erred by "delegat[ing]" its duty to formulate the conditions of supervised release to a private treatment provider.  Br. for Appellant at 12. This argument was not raised before the District Court and is also reviewed for plain error.  True, courts may not abdicate core judicial functions, including the "constitutional requirement that judges . . . set the terms of a defendant's sentence." *United States v. Pruden*, 398 F.3d 241, 251 (3d Cir. 2005).  Neither may a court set "[a] condition with no core meaning beyond 'whatever is necessary for [the defendant's] rehabilitation,'" or cure an otherwise impermissibly vague condition by delegating "an unfettered power of interpretation" to other participants in the justice system. *United States v. Loy*, 237 F.3d 251, 266 (3d Cir. 2001).  Nor may courts be "expected to map out every detail of a defendant's supervised release." *Pruden*, 398 F.3d at 250.  It is commonplace and practically essential for courts to rely on nonjudicial officers for ministerial functions related to rehabilitation. *See United States v. Van Donk*, 961 F.3d 314, 327–28 (4th Cir. 2020).  Here, leaving the specifics of the treatment program to Commonwealth was permissible because the court, not the therapy provider, made the essential decision that Hayes required the treatment, and the court retained discretion to revoke Hayes' supervised release based on any violations of program guidelines.  The court also specifically required Hayes to receive sex offender treatment, which limited the treatment provider's ability to arbitrarily impose conditions irrelevant to his rehabilitative needs. *Cf. Van Donk*, 961 F.3d at 322 ("Treatment providers shouldn't be able to compel patients to do things wholly unrelated to the purposes of supervised release—e.g., learn to ride a unicycle—under threat of the court revoking the patient's release.").

8

defendant," the need to deter criminal conduct and protect the public from further crimes of the defendant, and the goal of providing the defendant with any necessary care and training. *Id.* §§ 3583(d)(1), 3553(a)(1). It must also "involve[] no greater deprivation of liberty than is reasonably necessary" for the purposes of deterrence, care, and training. *Id.* § 3583(d)(2). And third, it must be "consistent with any pertinent policy statements of the Sentencing Commission . . . ." *Id.* § 3583(d)(3). The first two conditions essentially call for a tailoring exercise: Courts should impose conditions sufficiently strict and encompassing to address the defendant's harmful conduct, but not so broad as to unduly burden lawful behavior. *See United States v. Albertson*, 645 F.3d 191, 199–200 (3d Cir. 2011). In deciding whether a condition sweeps too broadly, we consider the "substantive breadth" and duration of the restriction, "'the severity of the defendant's criminal conduct and the facts underlying the conviction,'" and the length of the prison term. *Id.* at 198 (quoting *United States v. Miller*, 594 F.3d 172, 187 (3d Cir. 2010)). In cases involving child pornography, "a key consideration is whether the defendant used the internet 'to actively contact a child and solicit sexual contact.'" *Id.* (quoting *Miller*, 594 F.3d at 188).

Hayes contends the internet use restrictions and social media ban are substantively overbroad because they collectively shut him out from "most modern forms of communication, networking, and information-sharing, including professional networking platforms, support group forums, and dating applications." Br. for Appellant at 22–23. He maintains that he did not use the internet "to prey on children," and that his infractions while on supervised release involved only other adults. Br. for Appellant at 26–27. He claims the restrictions were not "reasonably necessary" to achieve the

9

purposes of supervised release because their main effect is to limit his ability to participate in consensual casual sex with adults, behavior that Hayes asserts is unrelated to "the goals of sex-offender treatment," his rehabilitation, or protecting the public against the threat of relapse. Br. for Appellant at 28–29. He further contends the internet-use and social-media restrictions are unnecessary because other special conditions (such as the requirement that he only use devices approved and monitored by the probation office) are adequate to deter and detect any improper actions. Finally, Hayes contends the ten-year duration of these conditions, imposed as part of the extension of his supervised release, is unreasonable.

Hayes challenged the internet use restrictions in the District Court, but did not object to the imposed social media ban and the ten year-additional term of supervised release. So we review the former for abuse of discretion and the latter two for plain error. The difference in this case is inconsequential, as we do not detect any abuse of discretion. Prior to his revocation hearing, Hayes used the internet in ways that both violated his sex offender program guidelines and signaled a substantial risk of reoffending; much of his misconduct while on supervised release specifically involved social media and messaging applications. The District Court reasonably assessed that his behavior on these sites, such as "role playing sexual encounters with minors," had him "hovering right on [the] line" of reoffending, and that imposing these restrictions for an additional ten years was consistent both with "what [Hayes] need[ed]" and also with "protect[ing] the community . . . ." App. 42. The restrictions are thus "reasonably related" to the goals of supervised release as defined in § 3583(d)(1).

10

Nor are they overly restrictive in breadth or duration. Hayes' argument that the challenged conditions will make it impossible for him to participate in modern life is unpersuasive—though he may not access social media or any other type of "site where [he] could interact with a child," Hayes remains free to use the internet for "legitimate and necessary reasons such as employment, education, online shopping," and to access "essential information such as news, traffic, and weather" App. 52. If in doubt, Hayes may seek approval from the U.S. Probation Office to access other types of websites. These conditions are not, as Hayes contends, superfluous in light of the separate requirements of device approval and monitoring. The mere fact that a device is approved and monitored by the Probation Office is an entirely different matter from how that device may be used.

Indeed, in light of Hayes' history, the challenged conditions fall within the mainstream of supervised release requirements that we have previously upheld. For example, in *United States v. Thielemann*, 575 F.3d 265 (3d Cir. 2009), we upheld a condition of supervised release prohibiting a defendant from owning or using a computer with internet access for ten years, even at work, except with the Probation Office's approval. This was a far more sweeping imposition than the conditions Hayes now challenges. And while the defendant's conduct in *Thielemann* was especially grave—he "boast[ed] about a number of alleged sexual encounters with minors" and offered money to another man to sexually abuse an eight-year-old victim, *id.* at 268—Hayes' misconduct must not be minimized. He urged an undercover officer to travel to Pennsylvania with a child in order to produce pornographic material.

11

And in *United States v. Maurer*, 639 F.3d 72 (3d Cir. 2011), in which the defendant exchanged child pornography with an undercover officer whom he believed to be eighteen years old, we upheld a five-year total ban on internet usage except as approved by the Probation Office—a condition less lengthy but more severe than the ones *sub judice*. We upheld this restriction in part because the defendant expressed interest in persons eighteen years old "and under" and showed a willingness to "use the internet to facilitate a sexual encounter," thus "trigger[ing]. . . solicitation and predation concerns," even though he had neither abused nor solicited the abuse of a child. *Id.* at 84. By comparison, as indicated, Hayes *did* suggest transporting a child for purposes of creating child pornography.

The sentence in this case bears a closer resemblance to those in *Thielemann* and *Maurer* than to those we have struck down as overbroad under § 3583(d). For instance, in *United States v. Voelker*, 489 F.3d 139 (3d Cir. 2007), we invalidated a special condition imposing a lifelong ban on all computer and internet usage, even for educational or vocational purposes. In *United States v. Miller*, 594 F.3d 172 (3d Cir. 2010), we vacated a lifetime ban on using any computer with internet access except with prior written approval by the Probation Office. In *United States v. Holena*, 906 F.3d 288 (3d Cir. 2018), we overturned a lifetime ban on internet usage except as pre-approved by the Probation Office, as well as a ban on owning or using any computers. And in *United States v. Albertson*, 645 F.3d 191 (3d Cir. 2011), we struck down a 20-year ban on using computers with internet access.

In *Voelker*, *Miller*, *Holena*, and *Albertson*, the prohibitions were for far more than

12

ten years. And granted, some of these cases involved misconduct more severe than here. Nevertheless, Hayes' temporary ban from using social media—the very type of website that he used to perpetrate several of his supervised release violations—and his temporary requirement to use the internet only for "legitimate and necessary reasons" are comfortably within the metes and bounds of the restrictions we have upheld. Moreover, the additional special conditions imposed here were on revocation of Hayes' supervised release for violating the initially imposed terms, whereas *Voelker, Miller, Holena*, and *Albertson* did not involve violation of the special conditions imposed on initial sentencing.

Hayes' relatively short prison sentence on revocation buttresses our conclusion. As we expressed in *Albertson*, it may be "proper to impose a longer term of supervised release to follow a relatively shorter term of imprisonment." 645 F.3d at 198. For an individual with Hayes' criminal history, the Sentencing Guidelines prescribe a range of three to nine months for Grade C violations of supervised release, *see* U.S.S.G. § 7B1.4, and Hayes was sentenced to a term of imprisonment for three months—the bottom end of the range. Considering this short period of reincarceration and his long pattern of noncompliance with his conditions of supervised release—already spanning more than a decade at the time of his latest revocation hearing—imposing an additional ten-year period of supervised release with the challenged conditions was not an abuse of discretion (let alone plain error).

Finally, we note that our ruling here is not inconsistent with the Supreme Court's decision in *Packingham v. North Carolina*, 582 U.S. 98 (2017), in which the Court held

13

that a North Carolina law prohibiting all convicted sex offenders from accessing social networking websites failed to meet intermediate scrutiny. Unlike the inadequately tailored blanket prohibition struck down in *Packingham*, the District Court here made individualized revocation and sentencing decisions based on the requisite factors, including Hayes' specific violations of his terms while on supervised release. *See Holena*, 906 F.3d at 294–95 (explaining how *Packingham* informs the constitutionality of social media restrictions in conditions of supervised release).

VI.

For the foregoing reasons, we will affirm the District Court's judgment.